IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| ANGELA HARRISON, | : |
| | :  Case No. 2:18-cv-1077 |
| Plaintiff, | : |
| | : |
| v. | :  Chief Judge Algenon L. Marbley |
| | : |
| LIFE INSURANCE COMPANY | :  Magistrate Judge Jolson |
| OF NORTH AMERICA, | : |
| | : |
| Defendant. | : |

## OPINION & ORDER

This matter is before the Court on the parties' cross Motions for Judgment on the Administrative Record. (ECF Nos. 11, 12). For the following reasons, Defendant's Motion (ECF No. 12) is **GRANTED** and Plaintiff's Motion (ECF No. 11) is **DENIED**.

### I. BACKGROUND

#### A. Factual Background

Plaintiff Angela Harrison was employed by Advance America Cash Advance Centers, Inc. ("Advance America") as a Customer Service Representative, through which she received her disability benefits plan. (ECF No. 1 ¶¶ 1, 2, 10); (AR 1617). She was hired on September 8, 2014, and her coverage became effective December 1, 2014. (AR 63, 67). In her job as a Customer Service Representative she was responsible for title loans, collections, and repossessions, which required her to balance and maintain money in three safes and her cash drawer, activate and re-load pre-paid credit and debit cards, perform cash advances, cash checks and money orders, and send and receive "moneygrams." (AR 388-89).

Defendant Life Insurance Company of North America ("LINA") is the insurer of Advance America's disability benefits plan. (ECF No. 1 ¶ 3). Ms. Harrison suffers from a

1

neurological condition, Right Hemisphere Developmental Disorder ("RHDD"). (ECF No. 11 at 3). In her neurological evaluation, Dr. Simensky reported that she had "great difficulty with abstract thinking and novel problem-solving." (AR 144). Another doctor explained: "She has been experiencing difficulties with concentration, distractibility, multi-tasking, complex comprehension, memory, planning/organization, slow thinking speed, judging distance, depression, emotional lability, and anxiety." (AR 246).

Ultimately Harrison's illnesses caused her to have to stop working in October 2015. (ECF No. 1 ¶¶ 12-13). She applied and was approved for short-term disability benefits through LINA on or about October 19, 2015. (*Id.* ¶¶ 15-16). LINA terminated her disability benefits on or about February 1, 2016, before the 24-week short-term disability benefit period expired. (*Id.* ¶¶ 17-18). Ms. Harrison appealed and then filed a lawsuit, which she settled in October 2017. (*Id.* ¶¶ 19-21).

In July 2017, Harrison applied for LINA long-term disability benefits, which LINA denied on September 20, 2017. (*Id.* ¶¶ 22-24). In its denial letter, LINA indicated the denial was due to Ms. Harrison's pre-existing conditions, including anxiety and depression. (AR 394). Ms. Harrison filed an administrative appeal which LICA denied on July 17, 2018. (ECF No. 1 ¶¶ 30-32); (AR 407-16); (AR 1141-44).

In support of her disability claim, Harrison submitted her own account of her illnesses, as well as documentation from treating physicians. LINA had its own consults also review Harrison's medical records. The relevant portions of the administrative records are as follows:

- On November 19, 2015, Harrison visited Dr. Arora, who identified her primary diagnosis as depression. (AR 353-54).

- On December 2, 2015, Dr. Arora referred Harrison to Dr. Cambier for further testing regarding her cognitive issues. (AR 342-44).
- On December 8, 2015, Harrison saw Dr. Cambier, who said Harrison was "sent for evaluation of refractory depression/ADHD associated with longstanding cognitive dysfunction," and referred her for neurological testing. (AR 121-22, 128).
- On February 28, 2016, Harrison appealed her denial of long-term disability benefits. She described herself "living with depression, ADD, low self-esteem, and migraine headaches on a daily basis since [she] was 15." (AR 286). She described being unable to work at times in the past, attributing her inability to work to her depression coming back "worse than ever" in 2006. (*Id.*). Said she was put on medications for depression, anxiety, and ADD. She lost health insurance for a period of time, and when she regained insurance she went to another doctor who again put her on medications for these conditions and said her "severe depression was causing most of the other symptoms." (AR 278). She said stress and harassment at work "caused my low self-esteem, depression, tension headaches, and ADD to get out of control" and "that is why I have been off of work." (*Id.*).
- On April 28, 2016, Harrison saw Dr. Simensky, who wrote: "The pattern of Ms. Harrison's neuropsychological assessment performance is consistent with the neurocognitive sequelae resulting from right hemisphere deficit syndrome or non-verbal learning disability." (AR 142-43). She opined, "Ms. Harrison's depression and anxiety are undoubtedly further negatively impacting her impaired cognitive skills and warrant improved intervention." (AR 143).

- On July 13, 2016, Dr. Simensky submitted a letter in support of Harrison's disability benefits claim, writing: "Ms. Harrison's level of depression and anxiety further negatively impacts here already compromised cognitive skills" (AR 243). "This… exacerbates her documented cognitive limitations which reduces her functional abilities and makes it more difficult to successfully complete work duties," and her RHDD is "currently being worsened by her depression/anxiety." (*Id.*).

- On March 29, 2018, Dr. Hur, a doctor retained by LINA, submitted an evaluation of Harrison's medical records, noting she was "born pre-term with nuchal cord complications" and had "diagnoses of adult ADD, anxiety, depression, and learning delay." (AR 702-04). Dr. Hur's analysis characterizes Dr. Simensky's impression as finding Harrison had a "history of learning problems, ADHD, concussion with loss of consciousness, refractory depression, anxiety, migraine headaches and a probable hypoxic birth injury." (AR 703).

- On July 17, 2018, Dr. Vatt, a LINA consultant, submitted a review of Harrison's claims. (AR 1137-40). He concluded Dr. Simensky's letter showed Harrison's cognitive impairments "were attributed at least in part to a birth related injury" and her "cognitive problems were made worse in part by work stressors." (AR 1139).

- On July 17, 2018, LINA sent a denial letter regarding Harrison's appeal. (AR 1141-44). They explained Harrison had not demonstrated how her prescription medications— Fluoxtine, Alprazolam, and Lamotrigine—are not related to pre-existing conditions, and she had not otherwise demonstrated that she is disabled by unrelated conditions. (AR 1141). LINA wrote that in Dr. Arora's July 11, 2016 letter, he identified Harrison as having Attention Deficit Disorder, Generalized Anxiety Disorder, and Major Depressive

4

Disorder, and relied on these diagnoses in supporting her in ability to work. (*Id.*). In Dr. Simensky's July 13, 2016 letter, she wrote Harrison's depression and anxiety negatively impact her already compromised cognitive skills. (AR 1142). Because LINA's policy says it will not pay for benefits for a disability caused *or contributed to by*… a pre-existing condition, LINA found her claims were barred. (*Id.*).

### B. Procedural Background

On September 19, 2018, Angela Harris filed her Complaint bringing a claim under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), claiming LINA's refusal to approve her long-term disability claim was arbitrary and capricious because LINA did not conduct a full review of her claim or arrange for an in-person evaluation, and disregarded the opinions of her treating physicians. (ECF No. 1 ¶¶ 35-37)). Defendant Life Insurance Company of North America filed an Answer on November 26, 2018, in which it admitted and denied various allegations in the Complaint and submitted several affirmative defenses. (ECF No. 3). On May 14, 2019 Plaintiff and Defendant filed cross Motions for Judgment on the Administrative Record, and each filed timely Responses in Opposition on June 4, 2019.

## II.     STANDARD OF REVIEW

This Court reviews an ERISA plan administrator's termination of benefits de novo "unless the benefit plan gives the administrator discretionary authority to determine eligibility for benefits." *Cox. v. Standard Ins. Co.*, 585 F.3d 295, 299 (6th Cir. 2009). If the benefit plan gives the administrator discretionary authority to determine eligibility for benefits, the Court reviews the administrator's decision under the highly deferential "arbitrary and capricious" standard of review. *Id.*

LINA argues its policy is discretionary and therefore the arbitrary and capricious standard applies. LINA's policy states that the claimant "must provide the Insurance Company, at his or her own expense, satisfactory proof of Disability before benefits will be paid." (AR 1632). LINA argues this language is akin to the policy language the en banc Sixth Circuit held was discretionary in *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550 (6th Cir. 1998). There, the insurance policy stated, "[Aetna] shall have the right to require as part of the proof of claim satisfactory evidence… that [the claimant] has furnished all required proofs for [receipt of] benefits." *Id.* at 552.

Plaintiff argues *Perez* is an outlier and should not be extended, given that other circuits have questioned its holding. (ECF No. 13 at 5). *See Gross v. Sun Life Assur. Co. of Canada*, 734 F.3d 1, 12 (1st Cir. 2013); *Fitts v. Fed. Nat. Mortg. Ass'n*, 236 F.3d 1, 5 n.3 (D.C. Cir. 2001) ("*Perez*'s view has been rejected by the above-cited circuits"); *Herzberger v. Standard Ins. Co.*, 205 F.3d 327, 332 (7th Cir. 2000); *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1089–90 (9th Cir. 1999); *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 252 (2d Cir. 1999).

While *Perez* is binding on this court, the more recent precedents have trended toward requiring more explicit language in order to find a policy discretionary. Plaintiff argues *Perez* is distinguishable and should be cabined. LINA's plan says the claimant "must prove" her disability claim with satisfactory proof, rather than stating the insurance company "shall have the right to require" satisfactory proof. (ECF No. 13 at 6). The latter implies it is within the insurance company's discretion to require a level of proof it deems satisfactory. The former, LINA's policy, simply states the "mere fact that [the] plan requires a determination of eligibility or entitlement by the administrator," and this "does not give the employee adequate notice that the plan administrator is to make a judgment largely insulated from judicial review by reason of

6

being discretionary." *Herzberger*, 205 F.3d at 332 (noting the tension between *Perez* and other circuit decisions but leaving open the possibility that all of the decisions could be reconciled). For these reasons, this Court finds LINA's policy merely stating the claimant must satisfactorily prove their claim is not sufficient to prove it is discretionary. Therefore, the Court will review the denial of benefits under a de novo standard.

A Court's de novo review of a denial of benefits "is to determine whether the administrator ... made a correct decision." *Hoover v. Provident Life and Acc. Ins. Co.*, 290 F.3d 801, 808-09 (6th Cir. 2002). In making this determination, the Court limits its review "to the record before the administrator and the court must determine whether the administrator properly interpreted the plan and whether the insured was entitled to benefits under the plan." *Id.* at 809. The Court affords the administrator "no deference or presumption of correctness." *Id.*

### III. LAW & ANALYSIS

For a plaintiff to succeed in their claim for disability benefits, they must prove by a preponderance of the evidence that they were disabled as defined by the Plan. *Javery v. Lucent Tech. Inc. Long-Term Disability Plan for Mgmt. or LBA Emp.*, 741 F.3d 686, 700-01 (6th Cir. 2014). Defendant LINA does not dispute that Harrison met the Plan's disability definition. Rather, LINA denied Harrison's claim because they argue it is barred by the policy's exception for pre-existing conditions. (ECF No. 12 at 9). Under LINA's policy, long-term disability benefits are not payable for "any period of Disability caused or contributed by, or resulting from, a Pre-existing Condition." (AR 1635).

Harrison first argues that LINA misstated the burden of proof when it wrote: "[Y]our client's appeal has not demonstrated that her claimed disabling condition is not pre-existing." (AR 1141). Harrison argues LINA has the burden of proving the exclusion applies. (ECF No. 11

at 10). But as LINA points out, the Sixth Circuit has made clear that when the plan puts the burden on the claimant, this controls over common law principles regarding burden of proof. *Klein v. Central States*, 346 Fed. App'x. 1, 2009 WL 2877933, at *4 (6th Cir. 2009). LINA's plan expressly places the burden of proof on the claimant to prove benefits are payable under the plan. (AR 1632, 1637-38).

LINA maintains that, even under a de novo standard they should prevail, and characterizes the records submitted by Harrison's treating physicians as all "attribute[ing] her alleged disability to depression and anxiety." (ECF No. 12 at 12-13). Because these conditions were pre-existing and formed the basis for her inability to work, LINA maintains it is entitled to judgment in its favor on the administrative record for denying Harrison's long-term disability claim.

Harrison argues that LINA incorrectly determined her claim was barred by the pre-existing conditions exclusion. She maintains that LINA failed to assess properly whether she was disabled solely by RHDD, and concluded without evidence that RHDD alone is not disabling. (ECF No. 11 at 11-13). She claims LINA misstates the record about her physicians' statements, ignores her own statements about why she was unable to work, and says LINA's own experts opined that her condition was not pre-existing. (ECF No. 13 at 4-5).

Based on the administrative record, this Court concludes that Harrison has not shown, even under a de novo standard, that she is entitled to long-term disability benefits under the plan. The language of LINA's policy makes clear that it will not provide coverage for disabilities "caused *or contributed by*, or resulting from, a Pre-existing Condition." (AR 1635) (emphasis added). The record shows that Harrison's own statements, statements from her treating physicians, and assessments by LINA's consultants all support LINA's conclusion that

Harrison's cognitive issues and inability to work were at least *contributed by* her pre-existing depression, anxiety, and ADD.

Harrison confirmed she has been living with depression and ADD for the majority of her life, and that she has been on medications for anxiety, depression, and ADD prior to her employment with Advance America. (AR 286). She described work stress as "caus[ing] my low self-esteem, depression, tension headaches, and ADD to get out of control" and "that is why I have been off of work." (AR 278). The reports by Harrison's treating physicians also support LINA's conclusion that these pre-existing conditions contributed to her inability to work. Dr. Simensky concluded, "Ms. Harrison's depression and anxiety are undoubtedly further negatively impacting her impaired cognitive skills." (AR 143). "This… exacerbates her documented cognitive limitations which reduces her functional abilities and makes it more difficult to successfully complete work duties," and her RHDD is "currently being worsened by her depression/anxiety." (AR 243). LINA's denial letter explained that it's denial was based on its assessment of Harrison's medical records and testimony which supported their finding that her inability to work and disabling condition was caused, at least in part, by her pre-existing anxiety, depression, and ADD. (AR 1141-44). This Court finds that LINA's denial was proper based on the administrative record.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Administrative Record is **GRANTED** and Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

                                          s/Algenon L. Marbley
                                          **ALGENON L. MARBLEY**
                                          **CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: March 3, 2020**